In the Matter of the Accounting of BEN H. BROWN, as Ancillary Administrator of the Estate of IKE MENSCHEFREND, Deceased.

Surrogate's Court, New York County, June 26, 1953.

*Theodore Garris* for ancillary administrator, petitioner.

*Nathaniel L. Goldstein, Attorney-General (Samuel A. Hirshowitz* and *Flavius N. Costerella* of counsel), for unknown distributees, respondent.

COLLINS, S.  The court holds that the Abandoned Property Law has no application to the bank accounts here in question as the payment by the banks to the ancillary administrator indicates that his right to receive the property was established to their satisfaction and under the terms of subdivision 2 of section 300, the property ceased to be deemed abandoned, if it were ever such in fact.  Section 272 of the Surrogate's Court Act has no application to the funds now in the hands of the ancillary administrator as the person entitled to the distribution is not unknown but is the domiciliary administrator appointed by the proper court in California.  The inference that the property escheats because of the lack of present knowledge as to the persons who will ultimately receive the balance for distribution is without merit.  While no New York State case in point has been cited or found on independent investigation, the case of *Matter of Lyon's Estate* (175 Wash. 115) sets out a similar problem and helps to persuade the court that there is no escheat but that the balance of the property on hand should be transmitted by the ancillary administrator to the domiciliary administrator to be administered pursuant to the laws of California.  The fee of the attorney for the petitioner has been fixed and allowed in the amount requested.

Submit decree on notice accordingly.